```
         IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                   *
JAMES C. HARRIS
                                   *
     Plaintiff,
v.                                 *     CIVIL NO.: WDQ-05-911

JEFFREY NEIL COHEN, et al.         *

     Defendants.                   *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

James Harris has sued Jeffrey, Herbert and Helen Cohen for negligence.  Pending is Harris' motion for reconsideration of the Court's January 26, 2006 order dismissing the Complaint as to Jeffrey Cohen.  For the following reasons, the motion will be denied.

I.  Background

Between 1984 and 1989, Harris lived at 2208 Prentiss Place, a property owned by Jeffrey Cohen and managed by his parents, Herbert and Helen Cohen.  Harris has sued the Cohens alleging that between 1984 and 1989 he was exposed to lead paint at the property and has suffered permanent neurological damage as a result.

Harris filed suit on January 31, 2005, and Herbert and Helen Cohen were served on March 11, 2005.  No service, however, was made on Jeffrey Cohen.  On August 16, 2005, the Court ordered

1

Harris to show cause why Jeffrey Cohen had not been served and in response, Harris attempted to serve him in Maryland and Florida. These efforts, however, were unsuccessful and on January 9, 2006, the Court ordered Harris to show cause why the Complaint should not be dismissed as to Jeffrey Cohen.  Believing that all the defendants were covered under a 1984-1985 insurance policy and that no additional insurance coverage would be gained if Jeffrey Cohen was a defendant, Harris did not oppose the dismissal.  As a result, the Court dismissed the Complaint as to Jeffrey Cohen on January 26, 2006.

Harris has moved for reconsideration of the Court's order pursuant to Federal Rule of Civil Procedure 60(b); Defendants have opposed the motion.

II.  Analysis

A court may amend a final judgment or order under Rule 60(b) for, *inter alia,* mistake, inadvertence, surprise, excusable neglect or newly discovered evidence which could not have been previously discovered by due diligence.  Federal Rule of Civil Procedure 60(b).

Harris argues that the Court should amend its January 26, 2006 order on the grounds that newly discovered evidence has revealed that only Jeffrey Cohen was covered under the 1984-1985

2

policy.[1]  Defendants argue that reconsideration would unnecessarily delay the proceedings, and that the 1984-1985 policy covered Herbert, Helen and Jeffrey Cohen.

Although Endorsement 5 to the policy in question reads "[i]t is hereby understood and agreed that named insured is amended to: Jeffrey N. Cohen", Defendants assert that this endorsement added Jeffrey Cohen to the policy but did not remove Herbert and Helen Cohen.  Harris has not responded to this claim nor provided contrary evidence.  Even assuming that the 1984-1985 policy covers only Jeffrey Cohen, Harris has offered no explanation for his failure to discover this evidence or contest Jeffrey Cohen's dismissal.

As there is no showing of newly discovered evidence that could not have previously been discovered by due diligence, Harris motion for reconsideration will be denied.

<u>March 28, 2006</u>                        <u>         /s/         </u>
Date                                William D. Quarles, Jr.
                                    United States District Judge

---

[1] Harris claims to have discovered this evidence in a phone conversation with Defense counsel on February 3, 2006.